## Jason Houghton *versus* Louisa Davenport.

The return of a constable, on a warrant for calling an annual town meeting, that he has warned the inhabitants of the town, is sufficient evidence that the meeting was legally warned, although the return do not state in what manner he warned them.

If a person, after the assessment of a tax upon him, leave the precinct of the collector, with the intention of returning at the expiration of six months, this is a *removal*, within the meaning of Revised Stat. *c.* 8, § 15, which provides, that if any person, after being assessed, *remove* out of the precinct of the collector, without paying the tax, the collector may, in his own name, maintain an action therefor, in like manner as for his own debt.

In an action of assumpsit, under such statute, the declaration set forth, that the defendant, at the time of the assessment of the tax, was resident within the precinct of the collector, and afterwards removed therefrom ; and *whereas* a tax had been duly raised, and a warrant issued by the selectmen of the town for calling a town meeting for the purpose of choosing town officers, at which meeting certain persons were duly elected assessors, &c. ; and at the same meeting the plaintiff was chosen collector and was qualified ; and the assessors, afterwards, duly and according to law, assessed a tax to the defendant, on her personal estate whereof she was the owner and liable to be taxed, which tax was committed to the plaintiff, for collection, &c. It was *held*, that such declaration was good, after verdict, although material allegations in it were not stated in the form of direct averments, but by way of recital, the word " whereas" being prefixed ; that the allegation, that the tax had been duly and according to law assessed to the defendant, &c. was a substantial allegation, that it had been duly *ordered* to be assessed by the competent authority ; and that the same allegation obviated the objection, that the declaration did not aver that the defendant was an inhabitant of the town on the 1st day of May in the year when the tax was assessed, so far as that fact was material to the legality of the tax itself.

Assumpsit by the plaintiff as the collector of taxes of the town of Milton, for the recovery of a tax assessed on the personal property of the defendant in 1837. The declaration contained several counts, the third of which set forth, that the defendant, at the time of the assessment of the tax upon her, was resident in Milton, and afterwards removed out of the plaintiff's precinct, to Boston ; and whereas a county and town tax had been duly raised, and a warrant signed by the selectmen of Milton was issued and directed to one of the constables of the town on the 2d of March, 1837, ordering him to notify a meeting of the voters of the town on the 13th of that month, for the purpose, among other things, of choosing town officers, which warrant was duly served, and at which meeting certain persons were chosen assessors, and were, subsequently, qualified ; and at the same meeting the plaintiff

Houghton
v.
Davenport.
was duly chosen collector, and was duly qualified ; and the assessors, on the 20th of May then next, duly and according to law assessed a county and town tax to the defendant on her personal estate, whereof she was the owner and liable to be taxed, which tax and the warrant of the assessors was committed to the plaintiff, for collection ; and the plaintiff thereafterwards, demanded of the defendant, payment of such tax, yet she had not paid the same. The action was commenced on the 28th day of February, 1838.

The trial was before *Shaw* C. J.

It appeared, that the defendant's father owned an estate in Milton, whereon he resided with his family, including the defendant, uninterruptedly for many years previous to 1828, when he died, having devised the same to trustees for the benefit of his wife and children ; and that the defendant and her mother had resided on the estate during five or six months in each year since 1828, but had boarded together in Boston during the remainder of the year, including the winter months.

The plaintiff, in order to prove the legal assessment of the tax, introduced the records of the town, from which it appeared, that the warrant for the meeting, at which the plaintiff was chosen collector, was served by a constable, who returned thereon, that he had warned the inhabitants of the town, without stating in his return, in what manner he had warned them.

The defendant objected to the legality of the meeting and of all the proceedings thereat, on the ground that it was not legally warned ; but the objection was overruled.

The defendant also contended, that if the evidence offered by the plaintiff, proved that her domicil was in Milton on the 1st of May, 1837, it proved also, that it remained in Milton at the time when the action was brought, and, therefore, that this action could not be maintained by the plaintiff, as against a person who had removed out of his precinct ; and this point was reserved for the consideration of the whole Court.

The jury returned a verdict for the plaintiff.

If the Court should be of opinion, that the above objections, or either of them, ought to prevail, a new trial was to be granted ; otherwise, judgment was to be rendered on the verdict; unless the Court should determine, that judgment ought

ɔ be arrested, as moved for by the defendant, on the ground that there was no count in the declaration sustained by the evidence, that was sufficient in law to support a judgment thereon.

*Metcalf*, for the defendant, to the point, that the constable's return of the service of the warrant was insufficient to show, that the meeting was legally warned, cited *Proprietors of Cardigan* v. *Page*, 6 New Hamp. R. 182 ; *Nelson* v. *Pierce*, 6 New Hamp. R. 194 ; *Perry* v. *Dover*, 12 Pick. 206 ; *Tuttle* v. *Cary*, 7 Greenl. 426.

*Wilkinson* and *A. Churchill* junior, for the plaintiff, on the same point, cited *Thayer* v. *Stearns*, 1 Pick. 109; *Gilmore* v. *Hoyt*, 4 Pick. 258 ; *Briggs* v. *Murdock*, 13 Pick. 306 ; *Saxton* v. *Nimms*, 14 Mass. R. 330.

DEWEY J. afterward drew up the opinion of the Court.

1. It is objected to the plaintiff's right to maintain the present action, that the tax sought to be recovered was not legally assessed. This objection arises from a supposed defect in the mode of warning the meeting at which the assessors were chosen and the money was granted. It appears from the facts reported, that the meeting in question was the annual meeting held for the choice of town officers and for the transaction of the ordinary business of the town. A proper warrant was issued by the selectmen, and committed to the constable for service, who returned thereon, that " he had warned the inhabitants of the town." The defendant insists, that this return is defective, as it does not state the manner in which the service of the warrant was made ; and reliance is placed upon the general principle so frequently applied in cases of notices of judicial proceedings, and in the levy of executions upon real estate, that it is the duty of the officer to state in his return the acts he has done in the service of his precept, that the court may judge of the sufficiency of the same. In regard to the cases just referred to, there can be no doubt, that this rule would be strictly enforced. But we think a different rule has been sanctioned by this Court in reference to the return of the service of warrants for town meetings, and particularly so, as respects annual town meetings, held for the choice of town officers and granting moneys for the ordinary expenses and liabili-

*Houghton v. Davenport.*

*Oct. 29th.*

*February term 1840.*

ties of towns. Such, as it seems to me, is the decided pre-ponderance of authority, as derived from our own adjudications, although there is, to some extent, a discrepancy in the views presented in the different cases on this subject.

In the case of *Saxton* v. *Nimms*, 14 Mass. R. 320, a certificate of the returning officer to a warrant for a district school meeting, " that he had warned all the inhabitants of the district as the law directs," was assumed to be good *primâ facie* evidence, that the meeting was duly warned, and the only question raised was, whether it might be controlled by parol evidence.

In *Thayer* v. *Stearns*, 1 Pick. 107, where, upon a warrant for a town meeting, the officer certified, " that he had warned the inhabitants by posting up copies," but did not state how long before the meeting, or in what places, it was held, that, as it was an annual town meeting required by law, every presumption should be made in favor of its regularity, and, as the records of the town indicated, that the assessors were duly chosen at a town meeting legally warned, it was not necessary to go behind the record and show that the meeting was regularly called and notified.

In *Gilmore* v. *Hoyt*, 4 Pick. 258, where a question arose concerning the validity of the election of a field driver, it was held unnecessary to establish the legality of the warning of the town meeting, by showing a vote of the town prescribing the manner of notifying town meetings, and that the warning was in conformity thereto, for as the election was at an annual town meeting where, by law, all town officers were to be chosen, the notification would be presumed to be legal unless it were shown by the other party to be otherwise.

The next case of importance, and one alluded to as containing some views as to the form of the return to be made in such cases, differing from the general current of our decisions, is that of *Perry* v. *Dover*, 12 Pick. 201 ; where it was held, that a return indorsed on a warrant for a district school meeting, that " I have warned all the legal voters in said district to meet at the time and place and for the purposes within mentioned," was an insufficient return ; and the proceedings of the meeting were held to be illegal. The ground assumed in the

opinion of the Court seems to be, that a returning officer is
bound to state in his return the acts done by him in giving the
required notice, that it may be seen whether they, in truth, con-
stitute a legal performance of the duty required of him, and
that this rule is as well applicable to warrants for town meet-
ings or district meetings, as to other processes. If the doc
trines stated in this case be taken in their full extent as correct,
and as applicable to the case at bar, they certainly go directly
to sustain the defence founded on the insufficiency of the return
and the consequent want of evidence to show the legality of the
meeting, at which the assessors were appointed and the moneys
granted.

A different view of this question seems to have been taken
by the Court in the subsequent case of *Briggs* v. *Murdock*, 13
Pick. 303, where the return was objected to as insufficient, be-
cause it did not state the manner in which the warrant had been
served. This objection was taken to the service of three dis-
tinct warrants for three different meetings. In one of them
the warrant was directed to a constable, requiring him " to
warn the inhabitants of the town by posting up notices ;" and
he returned that, " pursuant to the within warrant I have noti-
fied the said inhabitants," without stating how he had done it.
A second return was without date, stating " that, agreeable to
the within warrant, I have notified the inhabitants, &c. of the
time, place and purpose of the within meeting"; and in the
third, the return of the officer was, " that he had notified the
inhabitants as the law directs." All these returns were held
good ; and, in the opinion of the Court, a distinction is taken
between the cases of a return of an officer on an ordinary writ
or other precept, and that of a return of the service of a war-
rant for warning town meetings ; and it was held that the latter
did not require the same particularity as the former. The facts
in this case required an adjudication as to the sufficiency of the
returns ; and a decision in favor of their legality, could only
have been authorized upon the ground, that the doctrine ad-
vanced in *Perry* v. *Dover*, that the return must state the man-
ner in which the warrant was served, was overruled, or dis-
regarded.

And, upon further consideration, the Court are of the opin-

ion, that the rule as stated in *Briggs* v. *Murdock*, is the more correct one ; and that in relation to town meetings purporting by the record to have been duly held, and accompanied by the evidence of a warrant therefor duly issued, and such a return indorsed thereon as is found in the present case, they are presumed to have been legally warned and will authorize the assessment and collection of a tax voted and ordered to be assessed by such meeting.

2. The next inquiry is, whether the evidence in the case was sufficient to authorize the jury to find, that after the assessment of the taxes, the defendant removed out of the precinct of the collector. Upon this part of the case the facts, as stated, are briefly these ; that the defendant had resided in Milton five or six months in each year since 1828, occupying a house there, but resided in Boston during the winter months and all the remainder of the year which she did not pass in Milton. Looking at the objects of the Revised Stat. *c.* 8, § 15, and its manifest design to give facilities for the speedy collection of taxes, it seems to us, that the provision applies to cases like the present. We think the word " removal," as here used, may properly be taken to embrace other cases than those of a change of domicil, technically speaking, and that a change of place of residence for the term of six months, although under the expectation and purpose of returning at the expiration of that time, would be such a removal from the precinct of the collector, while thus absent, as would authorize an action to be brought by him under this section to recover the payment of a tax duly assessed before such change of residence.

3. As to the motion in arrest of judgment, the Court are of opinion, that the objections cannot avail the defendant in this stage of the proceedings. The special counts in the declaration are certainly very inartificially drawn to meet the plaintiff's case ; but we think the third count alleges summarily all the facts essential to the maintenance of the action ; and as the evidence applies to that count, judgment may well be taken on it. It was argued that this count was defective, as certain allegations in it were not stated in the form of direct averments, but by way of recital, by the use of a " *whereas* " &c. Such a form of declaring might be objectionable in an action of tres-

pass, and would, in such a case, formerly have been held bad, on motion in arrest of judgment ; but a different rule now, substantially, prevails in that species of action, as the courts furnish every facility to obviate the objection, by allowing amendments at any stage of the action.   1 Chitty on Pl. 375. But in trespass on the case, and as used in the present declaration, the mode of expression is not open to the objection taken.    Steph. on Pl. 432.

As to the objection, that there is no sufficiently particular allegation of authority to assess a county tax upon the defendant, it seems to us that it is substantially alleged that a county tax had been duly ordered to be assessed, it being alleged that the same had been duly and according to law assessed upon the defendant on her personal estate, whereof she was the owner and liable to be taxed.    It could not be said to be assessed duly and according to law, unless it had been in pursuance of an order, from the competent authority.

It was further objected to this count, that it does not allege that the defendant was an inhabitant of Milton on the first day of May in the year when the tax was assessed.    So far as that fact is material to the legality of the tax itself, the objection is clearly obviated by the general averment before mentioned, that the assessors had, duly and according to law, assessed the taxes to the defendant for her personal estate, whereof she was the owner, and liable to be taxed.

If the tax was legally assessed on her, and was one which she was liable to pay, and she, after the assessment upon her, removed from Milton out of the precinct of the collector, this is sufficient to bring the case within the statute, the provisions of which are, that if any person shall, after the assessment of a tax upon him, remove out of the precinct of the collector, without payment of his tax, the collector may, in his own name, maintain an action of debt or assumpsit.   Revised Stat. c. 8, § 15.

We think, therefore, that the motion in arrest cannot prevail ; and that upon the whole matter submitted to us, the plaintiff is entitled to judgment upon the verdict.